IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WEISSINGER NEWBERRY III | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1760-H |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Weissinger Newberry III, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of possession of a controlled substance and sentenced to 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Newberry v. State*, No. 05-02-001497-CR, 2003 WL 21480278 (Tex. App.–Dallas Jun. 27, 2003, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Newberry*, No. 59,365-01 (Tex. Crim. App. Jan. 26, 2005). Petitioner then filed this action in federal court.

II.

In five grounds for relief, petitioner contends that: (1) his conviction was obtained by evidence seized during an unlawful search; (2) his attorney advised him to sign a written confession

in violation of his right against self-incrimination; (3) the prosecutor failed to disclose evidence favorable to the defense; (4) he received ineffective assistance of counsel; and (5) he was denied due process at trial and on appeal.

In his answer, respondent argues that this case is barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a reply filed on January 23, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for possession of a controlled substance. His conviction and sentence were affirmed by the court of appeals on June 27, 2003. A motion for rehearing was overruled on September 18, 2003. Petitioner did not timely file a petition for discretionary review. Therefore, his conviction became final on October 20, 2003--30 days after the court of appeals overruled his motion for rehearing.[1] TEX. R. APP. P. 68.2. *See also Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986) (finding "no material distinction . . . between the failure to seek discretionary review in the Texas Court of Criminal Appeals and the failure to do so timely"). Petitioner filed an application for state post-conviction relief on April 18, 2004. The application was denied on January 26, 2005. Petitioner filed this action in federal court on August 26, 2005.

The one-year statute of limitations started to run on October 20, 2003, when petitioner's conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). This period was tolled from April 18, 2004 to January 26, 2005, a total of 283 days, while a properly filed application for state post-conviction relief was pending.[2] Even allowing for this tolling period, petitioner still waited more than a year before filing this action in federal court.

---

[1] The 30th day after the motion for rehearing was overruled fell on Saturday, October 18, 2003. As a result, petitioner had until the following Monday, October 20, 2003, to file a petition for discretionary review. *See* TEX. R. APP. P. 4.1(a).

[2] On March 21, 2005, petitioner filed a petition for writ of certiorari from the denial of his state writ. The Supreme Court denied certiorari on May 31, 2005. *Newberry v. Texas*, ___ U.S. ___, 125 S.Ct. 2520, 161 L.Ed.2d 1116 (2005). Petitioner is not entitled to statutory tolling of the AEDPA limitations period while his writ of certiorari was pending because such a petition is not an application for "State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2). *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1834 (2000).

In an attempt to excuse this delay, petitioner contends that he did not receive actual notice that his motion for rehearing had been overruled until November 25, 2003, when the court of appeals responded to his inquiry regarding the status of that motion. The Fifth Circuit has held that equitable tolling may apply where there is a substantial delay of several months in receiving notice from a state court and the petitioner pursues the post-conviction process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on limited grounds*, 223 F.3d 797 (5th Cir. 2000). After learning that the court of appeals overruled his motion for rehearing, petitioner promptly filed a motion for extension of time to file a petition for discretionary review on December 2, 2003. The Texas Court of Criminal Appeals denied the motion on December 11, 2003. Petitioner then waited *four months* to file an application for state post-conviction relief and another *seven months* to file a federal writ after his state writ was denied. No explanation is offered to justify this delay. Unlike the prisoner in *Phillips*, petitioner did not act with "diligence and alacrity." The court therefore concludes that this case is time-barred. *See Gutierrez v. Cockrell*, No. 01-41148, 45 Fed.Appx. 321 (5th Cir. Jun. 19, 2002) (petitioner not entitled to equitable tolling where he waited nearly one year after receiving notice of state court action to pursue post-conviction remedies); *Selvage v. Johnson*, No. 2-00-CV-0114-J, 2001 WL 194748 at *3 & n.5 (N.D. Tex. Feb. 23, 2001) (same).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE